IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE DOE 7,

      Plaintiff,

v.

                                         Case No. 16-2458-JTM

UNIVERSITY OF KANSAS,

      Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Jane Doe 7 brought this an action against the University of Kansas ("KU"), asserting four claims: hostile educational environment under Title IX of the Education Amendments of 1972 (Count I); retaliation under Title IX (Count II); disability discrimination in violation of the Rehabilitation Act of 1973 (Count III); and violation of the Kansas Consumer Protection Act (Count IV). KU seeks dismissal of Counts I and II in its Motion to Dismiss Amended Complaint (Dkt. 17).[1] Plaintiff opposes the motion and seeks leave to file a second Amended Complaint (Dkt. 20). For the reasons stated below, the court grants in part and denies in part KU's motion to dismiss, and grants plaintiff's motion for leave.

Plaintiff's counsel also represents Daisy Tackett, who brought similar Title IX claims against KU. *Tackett v. University of Kansas*, Case No. 16-2266-JTM. Both Tackett and plaintiff were allegedly sexually assaulted at the Jayhawker Towers by John Doe G (JDG). They were also both former members of the KU Rowing Team, they allegedly witnessed or were subjected

---

[1] KU had filed a motion to dismiss the original complaint on May 27, 2016 (Dkt. 8). That motion is moot in light of the filing of the Amended Complaint on August 17, 2016 (Dkt. 14). Accordingly, the court denies KU's initial motion to dismiss the petition (Dkt. 8) as moot.

to the head coach's "relentless" commentary on weight and body shape, and were allegedly denied the opportunity to attend winter training in Florida in retaliation for reporting the sexual assault and the coach's mistreatment of the rowing team members.

The court recognizes that the alleged facts in these cases differ with respect to the circumstances surrounding the sexual assault, post-assault contact with JDG, and the experience with the head coach. Nonetheless, the allegations supporting the Title IX claims are sufficiently similar to warrant the same treatment. For the reasons stated in the Memorandum and Order in Tackett's case (Dkt. 38), the court grants in part and denies in part KU's motion to dismiss. The court concludes the Amended Complaint fails to state a plausible *Simpson* claim against KU. Plaintiff, however, has pled sufficient facts to allow her to offer evidence to support her claims that KU was deliberately indifferent to her report of harassment by JDG and the head coach, and that she was denied the opportunity to participate in winter training for reporting the harassment.

Like Tackett, plaintiff seeks leave to add factual allegations that KU misrepresented to her the punishment JDG received to further support her claim that KU was deliberately indifferent to her rights under Title IX. Because this case is in the early stage of litigation, the court finds no undue delay in seeking to add these allegations. The court also finds no undue prejudice in allowing the amendments because they simply bolster the deliberate indifference claim and do not raise a brand new claim. Finally, having concluded that the Amended Complaint survives dismissal, the court finds the proposed amendments are not futile for the same reasons. Accordingly, the court grants plaintiff leave to file her proposed Second Amended Complaint.

**IT IS THEREFORE ORDERED** that KU's Motion to Dismiss (Dkt. 8) is **DENIED** as moot; that KU's Motion to Dismiss Amended Complaint (Dkt. 17) is **GRANTED IN PART** and

**DENIED IN PART**; and that Plaintiff's motion to amend the Amended Complaint (Dkt. 20) is

**GRANTED**. Plaintiff shall forthwith file the Second Amended Complaint.

    **IT IS SO ORDERED** this 16th day of February, 2017.


                                              s/   J. Thomas Marten
                                              Chief United States District Judge