# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JANE DOE 7,

    Plaintiff,

v.

                                                                                              Case No. 16-2458-JTM

UNIVERSITY OF KANSAS,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff Jane Doe 7 ("Doe") filed this action in state court against defendant University of Kansas ("KU") for violating Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"), the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., and the Kansas Consumer Protection Act, Kan. Stat. Ann. § 50-623, et seq. ("KCPA"). Doe alleges a hostile and discriminatory educational environment and retaliation. KU removed Doe's lawsuit to this court, and filed the instant Motion to Dismiss (Dkt. 36). KU argues that the doctrine of res judicata bars Doe's claims and that she failed to state a KCPA claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons provided below, the court denies KU's motion.

    **I.**      **Background**

On March 11, 2016, a group of plaintiffs filed a class action lawsuit against KU pursuant to the KCPA, *James Tackett, et al. v. University of Kansas*, Case No. 2016-CV-103 (the "KCPA lawsuit"). The plaintiffs claimed that Daisy Tackett and Sarah McClure (publicly acknowledged to be Jane Doe 7) were sexually assaulted in Jayhawker Towers

while students at KU. The plaintiffs alleged that KU repeatedly represented to them and other students and their family members that KU's residence halls were safe, but these representations were false.

Before joining the KCPA lawsuit, Doe filed this lawsuit in Douglas County, Kansas on April 18, 2016. KU removed Doe's case to federal court on June 24, 2016. Four days later, Doe joined the KCPA lawsuit as a plaintiff.

On March 17, 2017, the Douglas County District Court, Judge Kay Huff, granted KU's motion to dismiss the KCPA lawsuit. Judge Huff held that the parent-plaintiffs did not have statutory standing because they had not signed the contracts with KU, thereby failing to meet the statutory definition of consumers under the KCPA. On the other hand, the state court found that the student-plaintiffs were parties to the consumer transaction, but lacked standing to seek declaratory or injunctive relief because—as former students—they did not allege that they were in danger of suffering a present or future injury.

On June 16, 2017, KU moved to dismiss Doe's instant claims based on res judicata, or alternatively, Doe's KCPA claim under Fed. R. Civ. P. 12(b)(6).

**II. Res Judicata**

When a court makes a judgment, the preclusive effect of that judgment is defined by both claim preclusion and issue preclusion, collectively known as "res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion precludes parties to a lawsuit from relitigating issues that were or could have been raised in prior actions.

*Haynes v. Kansas*, 261 F. App'x 87, 89 (10th Cir. 2008).[1] The purpose of res judicata is to protect parties and the court from multiple lawsuits, minimize inconsistent decisions, and conserve judicial resources. *Id.* Claim preclusion is an affirmative defense, which KU bears the burden to plead and prove. *Pelt v. Utah*, 539 F.3d 1271, 1283 (10th Cir. 2008).

"In determining whether res judicata applies, a federal court gives the state court judgment the same effect that it would be given by the state where the judgment was handed down." *Cubie v. Bryan Career Coll., Inc.*, 244 F. Supp. 2d 1191, 1199–200 (D. Kan. 2003). Both the Tenth Circuit and Kansas require satisfaction of three elements for dismissal to be proper: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Pelt*, 539 F.3d at 1281 (quoting *MACTEC Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005); *Cubie*, 244 F. Supp. 2d at 1199. Within these elements, "Kansas considers whether the parties were fully heard, whether the decision was supported by a reasoned opinion and whether the decision was subject to or reviewed on appeal." *Cubie*, 244 F. Supp. 2d at 1199–200.

It is undisputed that Doe's lawsuit contains the same parties as the KCPA lawsuit. It is also undisputed that Judge Huff's decision was a final judgment.[2]

---

[1] KU does not argue that issue preclusion bars Doe's claims.

[2] The court can take judicial notice of Judge Huff's Memorandum and Order (Dkt. 36-2) in the KCPA lawsuit without converting KU's motion to dismiss to a motion for summary judgment. *See Barnes v. United States*, 776 F.3d 1134, 1137 n.1 (10th Cir. 2015).

3

However, the parties disagree whether Judge Huff's dismissal of the KCPA lawsuit for lack of standing was a decision on the merits.

### A. Standing

"[P]arties in a judicial action must have standing as part of the Kansas case-or-controversy requirement imposed by the judicial power clause of Article 3, § 1 of the Kansas Constitution." *Sierra Club v. Moser*, 298 Kan. 22, 29, 310 P.3d 360, 367 (2013) (citing *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 895–96, 179 P.3d 366, 382–83 (2008)). Consequently, "standing is a component of subject matter jurisdiction . . . ." *Id.* (citing *Cochran v. Kan. Dep't of Agric.*, 291 Kan. 898, 903, 249 P.3d 434, 440 (2011)). A plaintiff must also have statutory standing under the applicable statute governing the cause of action. *See, e.g.*, *Sierra Club*, 298 Kan. at 29, 310 P.3d at 367 ("The parties agree that a multilevel analysis—(1) statutory standing and (2) common-law or traditional standing—applies . . . [t]o establish statutory standing under the first prong, Sierra Club must satisfy the standing requirements of both the KAQA and the Kansas Judicial Review Act (KJRA)[.]").

As recognized by Judge Huff, to have statutory standing to sue under the KCPA, Doe must be a consumer. *See also Hayes v. Find Track Locate, Inc.*, 60 F. Supp. 3d 1144, 1151 (D. Kan. 2014) (a consumer is a party to the contract). Doe cleared this hurdle, but Judge Huff's analysis did not end there. Judge Huff went on to find that Doe could not show a continuing injury or imminent threat of future harm and therefore, she lacked standing for prospective relief. She further held that Doe lacked standing because she

was not an "aggrieved" consumer, and cited *Stein v. Sprint Corp.*, 22 F. Supp. 2d 1210, 1216 (D. Kan. 1998), in support.

KU argues that because Judge Huff found Doe lacked statutory standing—specifically, that she was not an aggrieved consumer—this was a decision on the merits. The court agrees that Judge Huff concluded Doe lacked standing, however, Judge Huff's reasoning was based on constitutional or Article III standing—not statutory standing. The cases cited by Judge Huff in her analysis address Article III standing. *See Hammer v. Sam's E., Inc.*, No. 12-CV-2618-CM, 2013 WL 3756573, at *2 (D. Kan. July 16, 2013) ("Third, defendants contend that an increased risk of identity theft or fraud is too remote and speculative to confer Article III standing. Because the court agrees with defendants' third argument, it does not address the first two arguments."); *Stein*, 22 F. Supp. 2d at 1216 ("In light of the evidence in the [KCPA's] comment that the legislature intended that a class plaintiff be 'aggrieved', the court concludes that section 50–634 should be interpreted to preserve the statute's constitutionality and require that a private plaintiff have suffered an injury."); *Baker v. City of Overland Park*, 216 P.3d 191, 2009 WL 3083843, at *4 (Kan. Ct. App. Sept. 25, 2009) ("Generally, standing under the Kansas Constitution requires that the plaintiff allege 'such a personal stake in the outcome of a controversy as to warrant invocation of jurisdiction and to justify exercise of the court's remedial powers on his or her behalf.'").

A dismissal for lack of Article III standing is not a decision on the merits; instead, it means the court lacks jurisdiction to consider the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109–10 (1998) ("Having found that none of the relief sought by

5

respondent would likely remedy its alleged injury in fact, we must conclude that respondent lacks standing to maintain this suit, and that we and the lower courts lack jurisdiction to entertain it."); *Rector v. City & Cty. of Denver*, 348 F.3d 935, 942 (10th Cir. 2003) ("Standing, however, raises jurisdictional questions and we are required to consider 'the issue sua sponte to ensure that there is an Article III case or controversy' before us."). Kansas also follows this rule. *See, e.g., Kan. Bldg. Indus. Workers Comp. Fund v. State*, 302 Kan. 656, 678, 359 P.3d 33, 49 (2015) ("Standing is a requirement for a case or controversy . . . [as well as] a component of subject matter jurisdiction."); *see also In re Johnson*, 32 Kan. App. 2d 525, 531, 85 P.3d 1252, 1256 (2004) ("Moreover, courts have repeatedly recognized that a dismissal for lack of subject matter jurisdiction generally is not a dismissal on the merits for claim preclusion purposes. *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir.2003)."). Conversely, statutory standing relates to the merits of a plaintiff's claim. *See Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 n.4 (2014); *Carolina Cas. Ins. Co. v. Pinnacol Assur.*, 425 F.3d 921, 926 (10th Cir. 2005).

KU is correct that Judge Huff found that Doe was not an aggrieved consumer as contemplated by the KCPA statute. However, as recognized by Judge Lungstrum in *Stein*, "aggrieved" is a constitutional component to statutory standing under the KCPA. *See Stein*, 22 F. Supp. 2d at 1216 (accepting the defendant's argument that interpretation of the KCPA to permit a class action without an actual injury would not comport with the constitutional requirement of standing). In other words, the constitutional and statutory standing requirements overlap. If the consumer was not aggrieved, then there

6

would not be a sufficient injury in fact to allow for constitutional standing. *See id.* ("Although the court is not necessarily persuaded that section 50–634 is ambiguous on its face concerning whether a private plaintiff must be 'aggrieved' to bring a class action for injunctive relief under the KCPA, it does agree that a contrary interpretation would violate the standing requirement."). Even if Judge Huff considered Doe to lack statutory standing because she was not an aggrieved consumer, Judge Huff previously found that Doe lacked constitutional standing because she could not show an imminent threat of injury to warrant prospective relief; thus, Judge Huff lacked jurisdiction to consider the merits of Doe's KCPA claim.

### III. Failure to State a Claim

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint only where it appears that the facts alleged fail to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly*). Complaints containing no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" may not survive a motion to dismiss. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The court must assume that all allegations in the complaint are true. *Twombly*, 550 U.S. at 589. "The issue in resolving a motion such as this is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it

7

may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### A. Doe's KCPA Claim

Doe alleges deceptive acts or practices and/or unconscionable acts or practices in violation of Kan. Stat. Ann. §§ 50–626(a), (b)(1)–(3) and 50–627(a). Specifically, she alleges that KU engaged in a consumer transaction when it sold educational services and leased housing to her. Doe pleads that KU knowingly and willfully engaged in deceptive practices in connection with this transaction. "KU made representations that its property and services possessed characteristics it did not have, including that its residence halls were 'safe' and that the Jayhawker Towers in particular were 'intended to provide an environment where mature, responsible students already acclimated to the rigors of college studies can succeed.'" (Dkt. 29, at 25–26). Doe claims that KU's representations were "false, exaggerated or ambiguous" as well as KU "failed to state, omitted, suppressed or concealed material facts regarding the safety of its residence halls and campus, including that the number of reported assaults had been increasing, and that more assaults occurred at the Jayhawker Towers than other residence halls." (*Id.* at 26). Doe further claims that KU engaged in unconscionable acts and practices when it knew or had reason to know that Doe "was likely to rely" on KU's misleading statements. (*Id.* at 26). Thus, Doe alleges deceptive acts or practices and/or unconscionable acts or practices in violation of Kan. Stat. Ann. §§ 50–626(a), (b)(1)–(3) and 50–627(a).

### B. Pleading Requirements

KU asserts that Doe failed to specify any representation made by KU to her that would qualify as a misrepresentation in violation of the KCPA. While Doe alleges that KU made statements about safety on its website, KU notes that Doe does not claim she saw the website. KU argues that Doe's failure to identify any specific misrepresentation made to her precludes her statutory standing.

Doe counters that there is no requirement that her "deceptive acts or practices claim be pleaded with particularity like a fraud claim[,]" and cites this court's decision in *Sanchez v. Bank of Am., N.A.*, No. 6:14-CV-1142-JTM-TJJ, 2014 WL 5800203, at *6 (D. Kan. Nov. 7, 2014), in support. There, this court held that the plaintiff was not required to plead with particularity his deceptive acts or practices claim against the bank. *Id.*

The court is aware of its prior ruling in *Sanchez*; however, recently—in another Title IX lawsuit against a university with similar claims—Judge Robinson determined that the plaintiff was required to "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Weckhorst v. Kan. State Univ.*, No. 16-CV-2255-JAR-GEB, 2017 WL 980456, at *16 (D. Kan. Mar. 14, 2017). In doing so, Judge Robinson concluded that the plaintiff had failed to plead with particularity her allegation of deceptive trade practices in violation of the KCPA. *Id.* at 17. Judge Robinson found that the plaintiff failed to satisfy Fed. R. Civ. P. 9(b)[3] because she did not allege with particularity: (1) the

---
[3] Rule 9(b) provides "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a

9

contents of the representations regarding safety; (2) when the misrepresentations were made; (3) the place where either the verbal or written representations were made., i.e. specific details as to where these statements were printed; and (4) the employees or agents of the university who actually made the verbal and written representations. *Id.*

Notably, Kansas courts have reviewed the legislative history behind the KCPA, and distinguish Kan. Stat. Ann. § 50–626(b)(1)—where intent is not required—and §§ (b)(2) and (b)(3)—where intent is required. *See Cornelison v. Denison State Bank*, 315 P.3d 278 (Kan. Ct. App. 2014) ("Intent is an element of a deceptive practices claim under K.S.A. 2012 Supp. 50–626(b)(2) and (b)(3)."); *Crandall v. Grbic*, 36 Kan. App. 2d 179, 196, 138 P.3d 365, 378 (2006) ("[D]efendant is correct in asserting that while intent is not required for a violation of K.S.A. 50–626(b)(1), intent is required for a violation of K.S.A. 50–626(b)(2) and (b)(3)."). These cases indicate that intent is a requirement for some violations of the KCPA. *Contra Sanchez*, 2014 WL 5800203 at *6 (noting that the KCPA sounds in fraud, but "[t]he key difference is that the KCPA does not include an 'intent to defraud' requirement[]").

The court is persuaded that Doe is required to plead with particularity in accordance with Fed. R. Civ. P. 9(b). Just as Judge Robinson found in *Weckhorst*, the court here finds that Doe's allegations are insufficient. Doe does not allege who made the misrepresentation and/or omitted pertinent information, what specific

---

person may be averred generally." Fed. R. Civ. P. 9(b). "Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be simple concise and direct." *Jamieson v. Vatterott Educ. Ctr., Inc.*, 473 F. Supp. 2d 1153, 1156 (D. Kan. 2007) (quoting *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir.1997)). Still, to survive a motion to dismiss, a "plaintiff must set out the who, what, where, and when of the alleged fraud." *Id.*

representations Doe was aware of, where these representations were printed, or when she saw or read them.  *See, e.g.*, *Weckhorst*, 2017 WL 980456 at *16–17; *Jamieson*, 473 F. Supp. 2d at 1157.  But the court finds it possible that Doe could plead facts that might cure this deficiency.[4]  Therefore, the court defers ruling KU's motion to dismiss Doe's KCPA claim under Rule 12(b)(6) for 20 days from the date of this order.  The court exercises its discretion under Rule 15(a)[5], and grants Doe leave to amend her complaint to conform to the pleading requirements of Rule 9(b).

IT IS THEREFORE ORDERED this 12th day of September, 2017, that KU's motion to dismiss (Dkt. 36) is DENIED as to KU's res judicata defense.

IT IS FURTHER ORDERED that the court defers ruling on KU's argument that Doe fails to state a plausible KCPA claim under Fed. R. Civ. P. 12(b)(6) for 20 days.  Pursuant to Fed. R. Civ. P. 15(a), the court grants Doe leave to amend her complaint to conform to the pleading requirements of Rule 9(b).  Doe has until October 3, 2017, to file an amended pleading.

---

[4] Doe alleges that KU made representations that its residence halls were "safe" and omitted material facts regarding the safety of its residence halls, including Jayhawker Towers, "on which [Doe] was likely to rely upon to her detriment." (Dkt. 29, at 25–26).  It is a close call as to whether Doe has sufficiently pleaded causation, i.e. she is an aggrieved consumer under the KCPA.  The court finds that plaintiff may be able to bolster her KCPA claim if she pleads with particularity in accordance with Rule 9(b), however, plaintiffs have not sought leave to amend their complaint.  *See* Fed. R. Civ. P. 15(a).  *But see Weckhorst*, 2017 WL 980456 at *17–18 (denying leave to amend because the plaintiff did "not allege that she was aware of, much less relied on, KSU's representations regarding its perception of the safety of its fraternities or its position concerning sexual assaults in fraternities.  Plaintiff points to several alleged statements on KSU's website and in its publications touting its fraternities as safe and fun experiences, but she does not allege that these representations were factors in her decision to attend the fraternity party on April 26, 2014.").

[5] "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

    s/ J. Thomas Marten
J. Thomas Marten, Judge